IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CLARENCE LUKER, #276254,** | : |
| Plaintiff, | : |
| vs. | :   CIVIL ACTION 21-0451-TFM-N |
| **BC-911 CENTER, *et al*.,** | : |
| Defendants. | : |

### REPORT AND RECOMMENDATION

This action was filed by an Alabama prison inmate proceeding *pro se* and was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Upon review of the proceedings in this action, it is recommended that this action be dismissed without prejudice for Plaintiff's failure to prosecute and to comply with the Court's order.

Plaintiff's complaint was received without the $402 filing and administrative fee or a motion to proceed without prepayment of fees. (Doc. 1, PageID.1). Upon review, Plaintiff was ordered by November 30, 2021 to pay the $402 fee or to file a completed motion to proceed without prepayment of fees. (Doc. 4 at 1, PageID.18). Plaintiff was warned that failure to comply with the Court's order within the required time would result in the dismissal of this action. (*Id.*). The Court's order and the form for a motion to proceed without prepayment of fees were sent to him and have not been returned to the Court by postal officials. To date, Plaintiff has not paid the $402 fee or filed a motion to proceed without prepayment of fees. Instead, Plaintiff has filed several motions and a

notice, all unrelated to the Court's order and the requirement to pay the fee or file a motion to proceed without prepayment of fees.  (Docs. 5-13).

Courts are vested with the inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962).  For that reason, a court possesses the inherent power to dismiss an action *sua sponte* for lack of prosecution. *Id.* at 630, 82 S.Ct. at 1389.  And a court is authorized by Rule 41(b), Fed.R.Civ.P., "to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." *Saint Vil v. Premier Mortg. Funding Corp.,* 715 F. App'x 912, 915 (11th Cir. 2017)[1] (quoting *Gratton v. Great Am. Commc'n*, 178 F.3d 1374, 1374 (11th Cir. 1999) (internal quotation marks omitted)).  *Accord Betty K Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1337 (11th Cir. 2005) (recognizing these two sources for a court's authority to dismiss an action *sua sponte*).  Thus, "the court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.,* 556 F.3d 1232, 1240 (11th Cir. 2009).

Due to Plaintiff's failure to comply with the Court's order and to prosecute this action, it is recommended that this action be dismissed without prejudice, as no lesser sanction will suffice to address Plaintiff's lack of compliance.  *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (dismissal for disregarding an order after a litigant has been forewarned is generally not an abuse of discretion), *cert. denied,*  493 U.S. 863 (1989); *see Frith v. Curry*, 812 F. App'x 933, 934-35 (11th Cir. 2020) (affirming an

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

action's dismissal when an inmate, who had been warned that failure to comply would result in his action's dismissal for failure to prosecute, did not respond to the court's order and did not pay the partial filing fee).[2]

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

---

[2] An alternate basis on which to dismiss this action is that it is malicious, as contemplated by 28 U.S.C. § 1915(e)(2)(B)(i), because Plaintiff did list all his prior actions and signed his complaint under penalty of perjury. See Luker v. Portis, CA No.20-269-JB-MU (S.D. Ala. Aug. 4, 2020) (dismissed as malicious with a listing of prior cases).

3

**DONE** and **ORDERED** this 10th day of December, 2021.

> <u>*/s/ Katherine P. Nelson*</u>
> **UNITED STATES MAGISTRATE JUDGE**